UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Allison Watkins,

Plaintiff,

-against-

American Arbitration Association, Inc.,

Defendant.

26-CV-7008 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Ms. Watkins' request for an emergency injunction staying the ongoing arbitration proceedings, Dkts. 26 and 31, is DENIED. Ms. Watkins alleges that emergency relief is warranted because of an impending final decision in the arbitration proceedings. Dkt. 31 at 5. In particular, she cites an order indicating that the arbitration could be dismissed without prejudice, or Citibank—the opposing party in the arbitration—could move for summary judgment. *Id.* As a result, she claims that "a merits-ending ruling can issue in the arbitration before the Court acts, extinguishing the arbitrated claims and mooting the threshold questions." *Id.*

However, as the Court previously stated, *see* Dkt. 12, the continuation of the arbitration proceedings here provides no basis for emergency relief. Far from mooting her claims, should the arbitration proceedings terminate in an adverse arbitration award, Ms. Watkins may then seek vacatur of the award and review of the various issues she raises.

As Ms. Watkins is an unrepresented plaintiff, the Court was willing in effect to extend the deadline for an amendment by right to the pleading under Fed. R. Civ. P. 15(a). It therefore granted Ms. Watkins leave to amend her original complaint by November 13, 2026. Dkt. 30. Ms. Watkins objects that this time is insufficient to allow her to amend her complaint. Dkt. 31. The Court therefore extends the deadline to file an amended complaint to **November 30, 2026**. To prevent

unnecessary duplication, the Court grants AAA's request, Dkt. 32, to hold in abeyance the deadline to file a reply in relation to AAA's motion to dismiss the original complaint. Instead, within three days of the filing of any amended complaint, AAA should submit a letter indicating whether it intends to answer the complaint, file a new motion to dismiss, or rely on the existing motion.

The Court also notes that the bulk of plaintiff's filings appear to be AI generated. While the Court appreciates that AI has made it easier for pro se litigants to bring lawsuits, one downside is that it can tempt litigants to fire off letters without the thoughtful consideration they would ordinarily give to such correspondence. This can result in filings that are repetitious, unwieldy, and unclear. Plaintiff is reminded to adhere to the Court's Individual Rule 3A, according to which communications with the Court should be by letters not to exceed three pages in length, unless the Court has granted leave to file excess pages.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 26, 31, and 32.

SO ORDERED.

Dated: November 6, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge